UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Melvin Anderson, | Case No. 21-cv-1420 (SRN/TNL) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| B. Birkholz, Warden of the Federal Prison Camp Duluth; Kyja Winger, Unit Manager/Acting Warden/Acting Associate Warden/Signatory for Warden; and Michael Carvajal, Director of the Federal Bureau of Prisons, in their official capacities, | |
| Respondents. | |

Under 18 U.S.C. § 3624(c)(2), the Federal Bureau of Prisons ("BOP") "may . . . place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Section 3624(c)(2) goes on to state that "[t]he Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph."

Petitioner Melvin Anderson is nearing the end of his 68-month term of imprisonment imposed following a conviction in this District. *See United States v. Anderson*, No. 16-CR-0156 (DWF/KMM) (D. Minn.). The BOP has determined that none of Anderson's remaining custodial term will be spent in home confinement. Instead, Anderson will pass from prison to a residential reentry center for four months, and then to

1

his release from custody, with no period of home confinement. Anderson believes that this denial of home confinement by the BOP amounts to a violation of the second sentence of § 3624(c)(2), which (as stated above) provides that the BOP "*shall*, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph" (emphasis added). Accordingly, Anderson requests a petition for a writ of habeas corpus directing the BOP to place Anderson on home confinement for the final six months of his term of imprisonment, with the four months of confinement at a residential reentry center already deemed appropriate by the BOP to precede the home confinement.

Anderson's habeas petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] This Court concludes following that review that Anderson's petition should be denied and this matter dismissed.

Under 18 U.S.C. § 3621(b), the BOP is entrusted with sole authority to "designate the place of the prisoner's imprisonment." In making this designation, the BOP must consider the five factors set out in § 3621(b), may *not* consider other prohibited factors ("[i]n designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status"), and may not delegate its designation authority to other parties, *see Ambrose v. Jett*, No. 13-CV-2343

---

[1] Although Anderson's habeas petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

(PJS/JSM), 2013 WL 6058989, at *8 (D. Minn. Nov. 15, 2013).  Beyond these limitations, however, § 3621(b) provides to the BOP broad discretion to determine the appropriate locus of detention for prisoners in its custody.  *See Jefferson v. Jett*, No. 15-CV-3308 (PJS/BRT), 2016 WL 4196824, at *2 (D. Minn. July 1, 2016) ("While courts may ensure that the BOP complies with its statutory duty to consider an inmate for prerelease placement under the factors set forth in § 3621(b), they have no authority to review the BOP's ultimate discretionary decision to grant or deny such placement.").

The second sentence of § 3624(c)(2) does not change this.  As an initial matter, that language is not as mandatory as Anderson would suggest; although § 3624(c)(2) provides that the BOP "shall . . . place prisoners" on home confinement for the maximum allowable period, this requirement applies only for "prisoners with lower risk levels and lower needs," and even then, only "to the extent practicable."  *See United States v. Brown*, No. 12-CR-0172(3), 2020 WL 1922567, at *2 (D. Minn. Apr. 21, 2020) (noting that various provisions including § 3624(c)(2) "merely give eligible inmates the possibility to be considered for home confinement or halfway house placement"). Anderson acknowledges in his habeas petition that he was previously placed on home confinement and that he failed to abide by the conditions placed upon him, which in turn caused that home confinement to be revoked.  *See* Petition at 4 [ECF No. 1].  It was based on this slip-up that the BOP concluded Anderson "require[d] more supervision than home confinement provides."  Pet. Ex. at 1 [ECF No. 1-1].  Put another way, there is reason in the habeas petition itself and the exhibits attached to the petition to suggest that Anderson is not among the "prisoners with lower risk levels and lower needs" contemplated by § 3624(c)(2).

3

Even leaving that aside, however, § 3624(c)(4) expressly provides that "[n]othing in this subsection" — which includes the second sentence of § 3624(c)(2) — "shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621." Under § 3621(b), it is the BOP, not the courts, that decides whether home confinement is appropriate for a prisoner within its custody. *See Brown*, 2020 WL 1922567, at *2 (citing *United States v. Yates*, No. 15-40063-01 (DDC), 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019)); *cf. Cheek v. Warden of Federal Medical Center*, 835 F. App'x 737, 740 (5th Cir. 2020) (per curiam) ("It is the BOP and the Attorney General who have the discretion to consider the appropriateness of home release based on certain statutory and discretionary factors. No inmate has a constitutional right to be housed in a particular place or any constitutional right to early release. . . . It is not for a court to step in and mandate home confinement for prisoners . . . ."). A federal prisoner may not seek habeas relief on the grounds that § 3624(c)(2) circumscribes the discretion otherwise granted to the BOP under § 3621(b). And Anderson offers no reason to believe that the BOP has overstepped its (broad) discretion under § 3621(b) in determining where he should be placed for the final months of his custodial term.

Accordingly, this Court recommends that Anderson's petition for a writ of habeas corpus be denied and this matter dismissed. Because it is recommended that this matter be summarily dismissed, it is further recommended that Anderson's motion that the government be ordered to show cause why the petition should not be granted [ECF No. 3] be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Melvin Anderson [ECF No. 1] be **DENIED**.

2. Anderson's motion for an order to show cause [ECF No. 3] be **DENIED**.

3. This matter be **DISMISSED**.


Dated: June__24__, 2021              _____*s/ Tony N. Leung*_____
                                     Tony N. Leung
                                     United States Magistrate Judge
                                     District of Minnesota


                                     *Anderson v. Birkholz et al.*
                                     Case No. 21-cv-1420 (SRN/TNL)


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).