## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Melvin Anderson,<br><br>                        Petitioner,<br><br>v.<br><br>B. Birkholz, Warden of the Federal Prison Camp Duluth; Kyja Winger, Unit Manager/Acting Warden/Acting Associate Warden/Signatory for Warden; and Michael Carvajal, Director of the Federal Bureau of Prisons,<br><br>                        Respondents. | Case No. 21-cv-01420 (SRN/TNL)<br><br><br>**ORDER** |

Melvin Anderson, Reg. No. 20709-041, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814, Pro Se.

Ana H. Voss and Chad A. Blumenfield, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Petitioner Melvin Anderson's Objection [Doc. No. 6] to United States Magistrate Judge Tony N. Leung's June 24, 2021 Report and Recommendation [Doc. No. 5] ("R&R"). The magistrate judge recommended that Anderson's Petition for a Writ of Habeas Corpus [Doc. No. 1] ("Petition") and Motion for an Order to Show Cause [Doc. No. 3] be denied, and that the action be dismissed. (R&R at 4-5.) For the reasons set forth below, the Court overrules Anderson's Objection, adopts the R&R in its entirety, and dismisses the matter with prejudice.

1

## I.      BACKGROUND

The factual and procedural background of this matter is well documented in the R&R and is incorporated herein by reference. This Court will recite background facts only to the extent necessary to rule on Anderson's Objection.

Anderson is nearing the end of his 68-month term of imprisonment following his conviction in *United States v. Anderson*, No. 16-cr-00156 (DWF/KMM) (D. Minn.). (R&R at 1.) Anderson was previously released to home confinement, but was returned to FPC-Duluth after a urine test detected alcohol in violation of the terms of his release. (Pet. ¶ 10; Decl. of Melvin Anderson ("Anderson Decl.") [Doc. No. 2], Ex. A.) He again sought release under 18 U.S.C. § 3624(c)(2), which permits the BOP to release a prisoner to home confinement for the final 10% of the prisoner's term of imprisonment or 6 months, whichever is shorter. (*See* Anderson Decl., Exs. A-C.) The BOP denied Anderson's request, reasoning: "The authority [under 18 U.S.C. § 3624(c)(2)] **may** be used to place a prisoner in home confinement . . . . You were approved for home confinement under the cares act and failed. You require more supervision than home confinement provides." (*Id.*, Ex. A (emphasis in original).)

In his Petition, Anderson challenges the BOP's determination. After filing the Petition, Anderson filed a Motion for an Order to Show Cause, seeking an order requiring Respondents to show cause why the Petition should not be granted. The R&R examined Anderson's claims, and recommended that the Petition be dismissed and the motion be denied. Anderson timely filed an Objection, which is now before the Court.

## II.    DISCUSSION

The district court reviews de novo those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Because Anderson proceeds pro se, the Court liberally construes the Petition. *Frey v. Schuetzle*, 78 F.3d 359, 361 (8th Cir. 1996).

Reviewing the R&R de novo, the Court finds that the magistrate judge correctly recommended dismissing the Petition. Under 18 U.S.C. § 3624, as amended by the First Step Act of 2018, "[t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Section 3624(c)(2) identifies home confinement as one potential form of prerelease custody. That section provides:

> The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. <u>The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.</u>

*Id.* § 3624(c)(2) (emphasis added). Anderson contends that the emphasized sentence, added by the First Step Act,[1] *requires* the BOP to place him on home confinement.

The magistrate judge disagreed. Noting that § 3624(c)(4) states that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621," and that § 3621 gives the BOP broad discretion in designating a prisoner's place of confinement, the magistrate judge concluded:

> A federal prisoner may not seek habeas relief on the grounds that § 3624(c)(2) circumscribes the discretion otherwise granted to the BOP under § 3621(b). And Anderson offers no reason to believe that the BOP has overstepped its (broad) discretion under § 3621(b) in determining where he should be placed for the final months of his custodial term.

(R&R at 4.) In his Objection, Anderson argues at length that § 3621(b), and the broad discretion it guarantees to the BOP, applies only to the BOP's designation of a prisoner to a prison facility—not to home confinement determinations.[2]

This Court has held otherwise—even under the First Step Act. *See, e.g.*, *United States v. Johnson*, No. 14-cr-00159 (DWF/TNL), 2021 WL 1550460, at *3 (D. Minn. Apr. 20, 2021) ("[B]ecause release to home confinement is a placement decision, the Court finds

---

[1] Pub. L. No. 115-391, § 602, 132 Stat. 5194, 5238 (2018).

[2] Anderson cites, for example, *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 432 (D. Conn. 2020) ("While subsection 3621(b) gives the BOP broad, general authority over designations of and transfers to 'places of imprisonment,' a term that some courts have construed to cover halfway houses as well as prisons, subsection 3624(c)(2) provides specific, independent authority to place inmates in home confinement. So in finding preliminarily that Respondents are not exercising their authority under subsection 3624(c)(2) in a constitutionally adequate manner, I am not 'review[ing]' the BOP's 'designation of a place of imprisonment' under subsection 3621(b)." (citations and footnotes omitted)).

4

that it is solely within the BOP's discretion to dictate." (citing 18 U.S.C. § 3624(c)); *United States v. Brown*, No. 12-cr-00172(3) (SRN), 2020 WL 1922567, at *2 (D. Minn. Apr. 21, 2020) ("[T]he BOP has exclusive authority to determine the placement of prisoners. The First Step Act, CARES Act, and Second Chance Act merely give eligible inmates the possibility to be considered for home confinement or halfway house placement." (citations omitted)); *United States v. Kluge*, No. 17-cr-00061 (DWF), 2020 WL 209287, at *3 (D. Minn. Jan. 14, 2020) ("Nothing in the statutes amended by the FSA permits the Court to place Defendant in home confinement. Under the FSA, the authority to place a prisoner remains with the BOP." (citing 18 U.S.C. §§ 3624(c)(4) and 3621(b))).

Regardless, Anderson does not challenge the BOP's exercise of discretion in his case. He admits that he was previously released on home confinement, and returned to FPC-Duluth after a urine sample tested positive for alcohol. (Pet. ¶ 10.) It was on this basis that the BOP concluded that he "require[s] more supervision than home confinement provides." (Anderson Decl., Ex. A.) This determination was well within the discretion committed to the BOP, and Anderson does not appear to argue otherwise.

Anderson's Petition instead stands on the premise that § 3624(c)(2) makes home confinement mandatory, not discretionary. This premise is incorrect. As the magistrate judge put it, § 3624(c)(2) "is not as mandatory as Anderson would suggest." (R&R at 3.) To be sure, the provision does require the BOP, "to the extent practicable," to ensure that certain prisoners spend the final months of their imprisonment "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). The statute provides that such

5

authority "**may** be used to place a prisoner in home confinement." *Id.* § 3624(c)(2) (emphasis added). This language is unequivocal: although the BOP has the authority to place Anderson in home confinement, it is not obligated to do so. Rather, it can choose alternative "conditions that will afford" him a "reasonable opportunity to adjust to" reentry. The BOP has done that here: Anderson has been placed in a Residential Reentry Center for the final four months of his term of imprisonment. (Pet. ¶ 9.)

It is true that the second sentence of subdivision (c)(2) states that the BOP "**shall**, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c)(2) (emphasis added). But this instruction must be read together with the subdivision's first sentence. Thus considered, the second sentence's use of "shall" does not override the first sentence's use of "may," which designates the home confinement determination as permissive and discretionary. Rather, the second sentence requires, at most, that the BOP choose the maximum amount of time for home confinement permitted, where it finds (in its discretion) (1) that such home confinement is practicable and (2) that the prisoner has "lower risk levels and lower needs." The First Step Act leaves the door open for the BOP to determine that practicability and a prisoner's risk level and needs require a shorter duration of home confinement than the statutory maximum, or to determine that home confinement is inappropriate altogether.

Accordingly, the Court finds that the BOP's determination whether to commit a prisoner to home confinement under § 3624(c)(2) is discretionary, not mandatory. Because the BOP's discretionary placement decisions are generally not reviewable by this Court,

and in any event Anderson does not allege that the BOP abused its discretion in light of his previous violation of the conditions of home confinement, the Court adopts the R&R and dismisses the Petition. Additionally, the Court denies Anderson's motion for an order requiring Respondents to show cause why the Petition should not be granted.

## III.    CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the Report and Recommendation [Doc. No. 6] is **OVERRULED**;

2. The Report and Recommendation [Doc. No. 5] is **ADOPTED**;

3. Petitioner's Petition for a Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED**; and

4. Petitioner's Motion for an Order to Show Cause [Doc. No. 3] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 27, 2021                                  s/Susan Richard Nelson
                                                                  SUSAN RICHARD NELSON
                                                                  United States District Judge